IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JOSHUA RAY TYNER,** | * | |
|     **Plaintiff,** | * | |
| v. | * | Civ. No. DLB-23-1474 |
| **THE STATE OF MARYLAND,** *et al.*, | * | |
|     **Defendants.** | * | |

**MEMORANDUM OPINION**

Joshua Ray Tyner, who is incarcerated at the State Correctional Institution in Waymart, Pennsylvania, had his parental rights terminated under Md. Code Ann., Fam. Law § 5-323(b). Now, Tyner has filed a complaint pursuant to 42 U.S.C. § 1983 against the State of Maryland, former Governor Larry Hogan, Governor Wes Moore, Attorney General Anthony Brown, and Tiffany Robinson, challenging the constitutionality of the "exceptional circumstances" clause of § 5-323(b). He seeks a declaration that the provision is unconstitutional, the reinstatement of his parental rights, and an injunction halting proceedings to adopt the child at issue. Because the Court lacks subject matter jurisdiction over the case, the Court grants the defendants' motion to dismiss. And because Tyner's proposed amendments would not cure that deficiency, the Court denies Tyner's motion for leave to amend as well.

**I.     Background**

On August 26, 2021, the Circuit Court for Harford County, Maryland terminated Tyner's parental rights over his daughter pursuant to Fam. Law § 5-323(b)—the "exceptional

circumstances" clause.[1] ECF 1, at 2; *In re W.K.*, No. 1252, Sept. Term, 2021, 2022 WL 2135029, at *7 (Md. App. Ct. June 14, 2022). The exceptional circumstances clause provides:

> If, after consideration of factors as required in this section, a juvenile court finds by clear and convincing evidence that a parent is unfit to remain in a parental relationship with the child or that exceptional circumstances exist that would make a continuation of the parental relationship detrimental to the best interests of the child such that terminating the rights of the parent is in a child's best interests, the juvenile court may grant guardianship of the child without consent otherwise required under this subtitle and over the child's objection.

Fam. Law § 5-323(b). The court found that Tyner's indefinite term of incarceration constituted an exceptional circumstance in virtue of which the termination of his parental rights would serve the child's best interests. ECF 1, at 2. Tyner appealed, and on June 14, 2022, the Maryland Appellate Court affirmed. *Id.*; *In re W.K.*, 2022 WL 2135029, at *1. Tyner petitioned the Maryland Supreme Court for a writ of certiorari, but on November 22, 2022, that court denied his petition. ECF 1, at 2.

On May 31, 2023, Tyner filed this § 1983 action, challenging the constitutionality of the exceptional circumstances clause. ECF 1. He named as the defendants the State of Maryland and four individuals in their official capacities: former Governor Larry Hogan, current Governor Wes Moore, Attorney General Anthony Brown, and Tiffany Robinson, whom Tyner identifies as Director of the State Public Health Authority, but who is in fact a former Secretary of the Maryland Department of Labor. *Id.*

On October 10, 2023, the defendants moved to dismiss for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim. ECF 12. On November 6, Tyner opposed the motion to dismiss and moved for leave to amend. ECF 14. However, in violation of

---

[1] Additional background to this case may be found in the Court's memorandum opinion issued this same date in *Tyner v. Dagilas*, DLB-19-2529.

Local Rule 103.6, he did not include a proposed amended complaint. *See id.* On November 16, the defendants opposed Tyner's motion for leave to amend. ECF 15. On November 27, Tyner filed a proposed amended complaint. ECF 16. And on December 4, Tyner filed a brief in opposition to the motion to dismiss and in support of his motion for leave to amend. ECF 17.

**II.     Standard of Review**

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). "A motion to dismiss based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1) raises the question of whether the Court has the competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). The plaintiff, as the party asserting jurisdiction, bears the burden of establishing it. *Robb Evans*, 609 F.3d at 362. Where, as here, the defendants contest subject matter jurisdiction "by contending that, even assuming that the allegations are true, the complaint fails to set forth facts upon which jurisdiction is proper"—a facial challenge to jurisdiction—the plaintiff "is afforded the same procedural protections as he would receive under a Rule 12(b)(6) consideration[.]" *Durden v. United States*, 736 F.3d 296, 300 (4th Cir. 2013) (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)) (internal quotation marks omitted). Dismissal for lack of subject matter jurisdiction is proper "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799 (citing *Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996)).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo*

*Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff'"; the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570)).

The plaintiff may amend their complaint once as a matter of course. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citing Fed. R. Civ. P. 15(a)). After the defendant has filed a responsive pleading or more than 21 days have passed since the defendant filed a motion to dismiss, the plaintiff may amend only with the consent of the defendant or by leave of the court. *Id.* While the court "should freely give leave when justice so requires," the court "may deny leave to amend a pleading if the amendment would have been futile." *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (quoting Fed. R. Civ. P. 15(a)(2) and then *Laber*, 438 F.3d at 426). A proposed amended complaint would be futile if the claim it presents would not survive a motion to dismiss. *Id.* (citing *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995)).

**III.     Discussion**

The Court lacks subject matter jurisdiction over this case. Sovereign immunity bars Tyner's claims against the State of Maryland and the individual defendants in their official capacities. Tyner's proposed amended complaint would not rectify that defect.

4

### A. Sovereign Immunity

The defendants enjoy sovereign immunity to Tyner's claims in federal court. Under the Eleventh Amendment to the United States Constitution, federal courts lack jurisdiction over suits against a state, its agencies, and its departments brought by its citizens or the citizens of another state unless the state consents. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 329 (4th Cir. 2001). "[A] suit against a state official in his or her official capacity is . . . a suit against the official's office" and thus is the equivalent of "a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Tyner sued the State of Maryland and four individuals in their official capacities: former Governor Larry Hogan, current Governor Wes Moore, Attorney General Anthony Brown, and Tiffany Robinson, whom Tyner identifies as Director of the State Public Health Authority. ECF 1. (In fact, Robinson is a former Secretary of the Maryland Department of Labor.) While the State of Maryland has waived its sovereign immunity to certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. As a result, sovereign immunity bars Tyner's claims unless another exception applies.

In addition to consent, there are two other exceptions to Eleventh Amendment immunity: (1) when it is abrogated by Congress; and (2) when the plaintiff seeks "prospective injunctive relief against state officials acting in violation of federal law." *See Lee-Thomas v. Prince George's Cnty. Pub. Schs.*, 666 F.3d 244, 249 (4th Cir. 2012) (quoting *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004)). The first exception, abrogation by Congress, does not apply here. Congress did not abrogate Eleventh Amendment immunity for § 1983 claims in federal court. *See Will*, 491

U.S. at 66. The second exception, known by the name of its leading case, *Ex Parte Young*, 209 U.S. 123 (1908), does not apply either. The *Ex Parte Young* exception does not apply to suits against the state itself, so it does not permit Tyner's claims against the State of Maryland. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (explaining that this exception "has no application in suits against the States and their agencies, which are barred regardless of the relief sought"). And the *Ex Parte Young* exception "requires a 'special relation' between the state officer sued and the challenged statute to avoid the Eleventh Amendment's bar." *Waste Mgmt. Holdings*, 252 F.3d at 331. "General authority to enforce the laws of the state is not sufficient." *Id.* (quoting *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1416 (6th Cir. 1996)). Yet Tyner does not allege that former Governor Hogan, Governor Moore, or Attorney General Brown have (or had) any distinctive or direct role in the enforcement of the statute he challenges, Fam. Law § 5-323. He alleges only that these men "oversee" or "oversaw" that provision's "execution." ECF 1, at 2–3. Accordingly, Tyner's claims against these three defendants remain barred by sovereign immunity. *See Weigel v. Maryland*, 950 F. Supp. 2d 811, 832 (D. Md. 2013) (granting motion to dismiss claims against Governor and Attorney General as barred by sovereign immunity because plaintiff did not allege either individual had distinctive role in enforcing challenged law). Tyner's claims against former Secretary Robinson do not qualify for the *Ex Parte Young* exception either. Tyner does not allege that former Secretary Robinson has (or had) any special role in enforcing the law Tyner challenges; in fact, he does not even make a conclusory allegation that she has (or had) any role in enforcing Fam. Law § 5-323 at all. *See* ECF 1, at 3.

Tyner's claims against former Governor Hogan and former Secretary Robinson fall outside this exception for the additional reason that the exception applies only when the defendant is

committing "an ongoing violation of federal law." *DeBauche v. Trani*, 191 F.3d 499, 505 (4th Cir. 1999). But Tyner's only claims against former Governor Hogan concern his prior actions in office. ECF 1, at 2. And his claims against former Secretary Robinson are the retrospective claims that she "played an integral role in the deprivation of [his] right to procedural due process, equal protection . . . and familial association." *Id.* at 3.

All told, none of Tyner's claims qualifies for an exception. Sovereign immunity bars Tyner's claims against all five defendants.

Tyner's proposed amended complaint—filed over a month after the defendants moved to dismiss—would not overcome the hurdle of sovereign immunity. In his proposed amended complaint, Tyner continues to bring claims against former Governor Hogan, Governor Moore, and Attorney General Brown in their official capacities. These claims would be barred by sovereign immunity for the reasons stated above. Tyner also proposes to bring claims against former Maryland Attorney General Brian Frosh, former Maryland Secretary of Health Brian Neall, former Maryland Secretary of Health Dennis Schrader, and Maryland Secretary of Health Laura Herrera Scott—all in their official capacities. ECF 16, at 4–6. Because Tyner sues these defendants in their official capacities, they too enjoy sovereign immunity from suit in federal court unless an exception applies. *See Will*, 491 U.S. at 71. And because Tyner continues to sue under § 1983, *see id.* at 66, the only exception that might be available to him is the exception for "prospective injunctive relief against state officials acting in violation of federal law," *see Lee-Thomas*, 666 F.3d at 249.

However, Tyner's proposed amended complaint does not bring Tyner's claims within the *Ex Parte Young* exception. Tyner's claims against former Attorney General Frosh, former Secretary Neall, and former Secretary Schrader would be barred by sovereign immunity because

Tyner does not allege that these former officials are engaging in any "ongoing violation of federal law that can be cured by prospective relief." *See DeBauche*, 191 F.3d at 505. Similarly, Tyner's claims against Secretary Herrera Scott fail because he does not allege she is engaged in any "ongoing violation of federal law," *id.*, but rather only that she previously "exercised direct discretion over the policy of the Maryland Department of Social Services" and engaged in unspecified conduct that "was a causal link that led to the deprivation" of his constitutional rights, ECF 1, at 6. Because Tyner's proposed amended complaint would be barred by sovereign immunity, leave to amend would be futile.[2]

## IV.     Conclusion

The defendants' motion to dismiss, ECF 12, is granted. Tyner's motion for leave to amend, ECF 14, is denied. A separate order follows.

Date: August 21, 2024

Deborah L. Boardman
United States District Judge

---

[2] Even if Tyner were to remedy all of these defects, this Court would have no power to reinstate his parental rights. Pursuant to the *Rooker-Feldman* doctrine, federal courts have no subject matter jurisdiction over "suits that [are], in essence, appeals from state-court judgments." *Hulsey v. Cisa*, 947 F.3d 246, 249–50 (4th Cir. 2020). The doctrine applies to all "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 250. Applying that doctrine, the Fourth Circuit consistently has ruled that federal district courts have no jurisdiction over § 1983 actions brought to vacate, enjoin, or otherwise nullify a state court judgment terminating the plaintiff's parental rights. *See, e.g.*, *Quinn v. Cumberland Cnty.*, No. 23-2170, 2024 WL 2815073, at *1 (4th Cir. June 3, 2024); *Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 288–90 (4th Cir. 2013). As a result, no amendment to Tyner's complaint could secure this Court the power to reject the state court judgment terminating Tyner's parental rights and reinstate them.